## LeGrand Company

*v.*

## William Richman et al.

[Submitted December 17th, 1913. Determined December 20th, 1913.]

1. The rule stated in *Higgins* v. *Senior, 8 Mees. & W. 843,* to the effect that a person not a party to a written contract may be shown to be a party by parol evidence, in the absence of ambiguity, fraud, mistake or subsequent contract, has never been adopted by the courts of this state.

2. In a suit for specific performance of a written contract for the sale of land, where no change of possession has occurred, a person cannot be shown to be a party by parol evidence. This does not, of course, deny the right of proving by parol evidence the authority of an agent who has executed a written contract in the name of his principal.

3. In a suit for the specific performance of a written contract for the sale of land a demurrer will be sustained where the demurrants are not parties to the written contract sued on, and there is no averment in the bill suggesting that the contract was not exactly as the parties to the contract intended it to be, or that complainant did not know that demurrants were the parties in the transaction, and that a party with whom complainant was contracting was simply acting as an agent of demurrants.

On demurrer to bill for specific performance for sale of land.

*Mr. Theo. W. Schimpf* and *Mr. James M. Sheen,* for the complainant.

*Messrs. French & Richards,* for the demurrants.

Leaming, V. C.

The rule stated in *Higgins* v. *Senior, 8 Mees. & W. 843,* to the effect that a person not a party to a written contract may be shown to be a party by parol evidence, in the absence of ambiguity, fraud, mistake or subsequent contract, has never been adopted by the courts of this state. In *Schenck* v. *Spring Lake*

31

*Beach Improvement Co., 47 N. J. Eq. (2 Dick.) 44,* that rule is given careful and thorough consideration and expressly repudiated; it is there held that in a suit for the specific performance of a written contract for the sale of land, where no change of possession has occurred, a person not a party to the written contract cannot be shown to be a party by parol evidence. This does not of course deny the right of proving by parol evidence the authority of an agent who has executed a written contract in the name of his principal. *Schenck* v. *Spring Lake Beach Improvement Co., supra,* has been recognized as an accurate exposition of the law on that subject not only in this court but in our supreme court and court of appeals. *Bowers* v. *Glucksman, 68 N. J. Law (39 Vr.) 146; Clement* v. *Young-McShea Amusement Co., 70 N. J. Eq. (4 Robb.) 677; Stengel* v. *Sergeant, 74 N. J. Eq. (4 Buch.) 20.*

The present case is essentially identical with the case of *Schenck* v. *Spring Lake Beach Improvement Co., supra.* Demurrants are not parties to the written contract which is here made the foundation of the suit, and by the arguments in support of the bill it may be regarded as conceded that no written evidence exists establishing the agency of the party who executed the contract. No averment of the bill suggests that the contract was not exactly as the parties to the contract intended it to be, or that complainant did not know that demurrants were the principals in the transaction and that the party with whom complainant was contracting was simply acting as an agent of demurrants. Under such circumstances an averment of the bill to the effect that the principal who executed the contract as a principal was the agent of demurrants must be deemed inadequate to support the relief sought by the bill as against demurrants; it is expressly so held in the Schenck case above referred to.

I will advise an order sustaining the demurrer. Should complainant desire to amend the bill, twenty days from the date of service of the order overruling the demurrer may be allowed for that purpose.